The J.E. AND L.E. MABEE FOUNDA-TION, INC., Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 75–1231.

United States Court of Appeals, Tenth Circuit.

Argued Nov. 10, 1975.

Decided April 12, 1976.

Donald P. Moyers, Tulsa, Okl. (John H. Conway, Jr., Tulsa, Okl., on the brief, of counsel, Garrett Logan, Tulsa, Okl.), for plaintiff-appellant.

Daniel F. Ross, Atty., Tax Div., Dept. of Justice, Washington, D. C. (Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, Jr., and Grant W. Wiprud, Dept. of Justice, Washington, D. C., on the brief, of counsel, Nathan G. Graham, U. S. Atty., and Robert P. Santee, Asst. U. S. Atty., Tulsa, Okl.), for defendant-appellee.

Before LEWIS, Chief Judge, and HOLLOWAY and DOYLE, Circuit Judges.

LEWIS, Chief Judge.

The J.E. and L.E. Mabee Foundation, Inc. (Foundation), a tax exempt, charitable organization, appeals the judgment and order of the district court of the Northern District of Oklahoma denying it relief in a suit for a refund of federal income taxes paid on income from its ownership of overriding royalty interests.

Overriding royalty is a term used to describe the partition of the lessee's interests in a mineral lease. It is to be distinguished from the royalty interest which the lessor of mineral lands retains in production from the leased lands. The normal occurrence of an overriding royalty is when the lessee of the mineral land divides his interest between a working interest and an overriding royalty interest.

In 1947 J.E. Mabee and his wife transferred selected oil and gas leases of Mabee Oil and Gas Company to Mabee Petroleum Corporation (Petroleum), which corporation became a wholly-owned subsidiary of Foundation in 1948. Petroleum engages in the production and sale of oil and gas through ownership of oil and gas leases. Petroleum declared dividends in kind to Foundation between 1951 and 1958 in the form of overriding royalty interests in various oil and gas leases. These dividends in kind left Petroleum owning 20 to 30 percent and Foundation owning 70 to 80 percent of the leasehold estate mineral interests. Petroleum as the working interest owner bore all costs associated with the operation of these leases. The leasehold estate's income due Foundation as the holder of overriding royalty interests was paid directly to Foundation by oil purchasers rather than indirectly through Petroleum as is the customary method with overriding royalties.

Prior to 1969 the income generated to exempt organizations by royalties and overriding royalties was specifically excluded from "unrelated business taxable income" and thus, was not taxed. However, in 1969 Congress amended 26 U.S.C. § 512 to read in pertinent part:

(a) *Definition.*—For purposes of this title—

(1) *General rule.*—Except as otherwise provided in this subsection, the term "unrelated business taxable income" means the gross income derived by any organization from any unrelated trade or business (as defined in section 513) regularly carried on by it, less the de-

ductions allowed by this chapter which are directly connected with the carrying on of such trade or business, both computed with the modifications provided in subsection (b).

.  .  .  .  .

(b) *Modifications.*—The modifications referred to in subsection (a) are the following:

.  .  .  .  .

(2) There shall be excluded all *royalties (including overriding royalties)* whether measured by production or by gross or taxable income from the property, and all deductions directly connected with such income.

.  .  .  .  .

(15) Notwithstanding paragraphs (1), (2), or (3), amounts of interest, annuities, *royalties*, and rents *derived from* any organization (in this paragraph called the "controlled organization") of which the organization deriving such amounts (in this paragraph called the "controlling organization") has control (as defined in section 368(c)) shall be included as an item of gross income (whether or not the activity from which such amounts are derived represents a trade or business or is regularly carried on)

.  .  .  .  .

(Emphasis added.) In the context of the issues raised in this case the crucial effect of the 1969 amendment was the addition of modification subsection (15) to section 512. Congress enacted subsection 512(b)(15) because;

In certain cases exempt organizations do not engage in business directly but do so through nominally taxable subsidiary corporations. In many such instances the subsidiary corporations pay interest, rents or royalties to the exempt parent in sufficient amount to eliminate their entire income, which interest, rents, and royalties are not taxed to the parent even

though they may be derived from an active business.

This problem is remedied under the bill by removing the exemption from the unrelated business tax for passive income if it is in the form of interest, rents, and royalties received from controlled corporations.

H.R.Rep.No.91–413, Part 1, 91st Cong., 1st Sess. 49 (1969), U.S.Code Cong. & Admin. News 1969, pp. 1645, 1694. *See also* S.Rep. No.91–552, 91st Cong., 1st Sess. 73 (1969).

■ Mabee Foundation urges on appeal that section 512's exclusion of overriding royalties from "unrelated business taxable income" by modification subsection (b)(2) was not changed by the addition of modification subsection (b)(15), as that section applies only to "royalties." In the alternative, while admitting Petroleum is a "controlled organization," Foundation argues that its overriding royalty income was not "derived from" Mabee Petroleum within the purview of subsection 512(b)(15).

We affirm the district court's holding that modification subsection (b)(15)'s term "royalties" was meant to embrace the overriding royalty interest at issue within the case. The legislative drafting in subsection (b)(2), "royalties (including overriding royalties)", conveys an impression that the parenthetical inclusion was designed not as an addition to the word "royalties" but as a clarification of what Congress intended the word "royalties" to cover.

The fact that in a later amendment to the same section Congress merely used the term "royalties" without any parenthetical inclusion of "overriding royalties" fails to indicate to this court that Congress thereby intended to exclude overriding royalties from the compass of the word "royalties." The opposite conclusion appears more logical, Congress having once clarified the term did not feel a need to clarify again.[1]

■ This court also affirms the district court's holding that Foundation's overriding

1. It appears the Senate added that parenthetical inclusion of overriding royalties in an abundance of caution. The Senate report indicates

the House felt the term "royalties" would include overriding royalties. See S.Rep.No.2375, 81st Cong., 2d Sess. 30–31 (1950).

**524**

royalty income was "derived from" Petroleum. It is of no consequence that Foundation and Petroleum had arranged for Foundation to receive the money directly rather than through Petroleum. Petroleum produces and markets the gas and oil to generate the production income upon which Foundation's overriding royalty income is based. Taxation does not depend on the mechanical formality of whether the overriding royalty income was paid through the controlled organization generating the income or directly to the charitable recipient. It appears clear beyond peradventure that Congress intended to tax a charitable organization's receipt of customary "royalties" from a "controlled organization." If the terminology "derived from" embraces that receipt, there appears no basis on which to contend overriding royalty income is not equally "derived from" a controlled organization operating a working interest.[2]

This interpretation, subjecting the overriding royalty income of exempt organizations to taxation, jogs with the express legislative intent to tax passive income realized from "controlled organizations." H.R. Rep.No.91–413, Part 1, 91st Cong., 1st Sess. 49; S.Rep.No.91–552, 91st Cong., 1st Sess. 73. The district court's cogent summary of this scheme clearly places it within the manipulations which Congress sought to tax:

> The overriding royalty interests owned by Foundation were exceedingly large in relation to the working interests retained by Petroleum and, therefore, the bulk of the income from these leasehold mineral interests were funneled to Foundation. Petroleum was operated at a loss during the fiscal year in suit, and for the preceding five fiscal years, while the income attributable to the overriding royalty interests in question was passed on, tax free, to Foundation.

The judgment of the lower court is affirmed.

---

**2.** The fact that the royalty or overriding royalty interest represents an ownership of rights is beside the point. These interests under 26 U.S.C. § 512 are taxed because the generating source of the income is a "controlled organization." Thus, the Internal Revenue Code sidesteps the necessity of characterizing such interests.